## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND

EMMANUEL MZENGI                          :

    Petitioner                          :

    v                                   :          Civil Action No. RDB-05-1227

DISTRICT COUNSEL, I.C.E.                 :

    Respondent                          :
             . . . . . .o0o. . . . . .

### MEMORANDUM OPINION

The above-captioned Petition for Writ of Habeas Corpus is the second filed by Petitioner regarding his detention in the custody of the Department of Immigration and Customs Enforcement (ICE). The first Petition concerned the sole issue of whether Petitioner had been detained an unreasonable period of time following an order for his deportation. *Mzengi v. Devenyns*, Civil Action No. RDB-05-693. That case was dismissed because Petitioner had not been in custody longer than six months and his deportation to Tanzania was imminent. *Id*. at Paper No. 5. Petitioner is now apparently scheduled for removal on May 25, 2005.[1]

Now pending is a second Petition for Writ of Habeas Corpus stating that Petitioner was denied due process because his deportation proceeding was held in his absence. Paper No. 1. He seeks judicial review of the order of deportation, a stay in his removal from this country, and an order permitting his voluntary departure.

Federal district courts retain 28 U.S.C. § 2241 habeas corpus jurisdiction over questions of pure

---

[1] Court personnel contacted counsel for the Department of Homeland Security to determine if Petitioner was scheduled for removal.

law.  *See INS v. St. Cyr*, 533 U.S. 289, 307-14 (2001).    Under  8 U.S.C. § 1229a(b)(5)(A):

> Any alien who, after written notice required under . . . .this title has been
> provided to the alien or the alien's counsel of record, does not attend a
> proceeding under this section, shall be ordered removed in absentia if the
> Service establishes by clear, unequivocal, and convincing evidence that the
> written notice was so provided and that the alien is removable.

The issue of Petitioner's inability to attend his deportation hearing was addressed by the United States Immigration Court.  *See Mzengi v. Devenyns*, Civil Action No. RDB-05-693 at Paper No. 3, Ex. A.  In his Motion to Reopen the deportation proceedings, Petitioner claimed that he did not attend the hearing because the date of the hearing was not legible on the written notice he received.  *Id*. As a result of his misunderstanding, Petitioner believed the hearing date was April 16th instead of April 6th.  *Id*.   The Immigration Court found that Petitioner's claim did not constitute extraordinary circumstances warranting rescission pursuant to INA § 240(b)(5)(C).  *Id*.  In reaching that conclusion the court observed that:

> Respondent . . . acknowledges that he was present in the Court when the
> date of hearing in question was determined.  Respondent concedes that
> he was told orally of the date, but chose to follow the date on the Notice
> itself, which he read as April 16.
>
> Indeed, if the Respondent was puzzled about his hearing date, why did he
> simply not call the Court to verify the date.  Thus, the Court finds that
> Respondent's claim regarding the misinterpretation of the hearing date
> does not rise to the level of exceptional circumstances, and, therefore,
> does not excuse his appearance at his April 6, 2001 hearing.

*Id*.

Absent exceptional circumstances excusing his failure to appear, Petitioner is not entitled to the relief he seeks in the instant action.  *See* 8 U.S.C.A. § 1229a(b)(7) (specifying relief under §§ 1229b and

2

1229c are not available to aliens who do not establish exceptional circumstances excusing failure to attend hearing).  Petitioner has not alleged any additional circumstances regarding his failure to attend the hearing either in this case or his previous Petition for Writ of Habeas Corpus.  *Mzengi*, Civil Action No. RDB-05-693.  Petitioner was provided sufficient notice of the date and time for the April hearing.  There is no allegation in the instant petition that the Immigration Court failed to apply the proper legal standards in issuing the decision denying the motion to reopen.  Petitioner was provided a forum and a meaningful opportunity to be heard.  The Immigration Court's decision is without error.

Upon review of the instant petition, it appears that the only substantive legal question raised by Petitioner is his claim that his absence from the deportation hearing deprived him of his right to due process.[2]  Paper No. 1.  The actions of the Immigration Court do not, however, constitute a colorable due process violation.

For the aforementioned reasons, the Petition is hereby denied.  A separate Order follows.

May 18, 2005                                                  /s/

_____
        RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[2]  The remaining claims provide no factual basis for a substantive challenge to the order of deportation. *Id*.

3